UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                               )<br>            Plaintiff/Garnishor,            )<br>                                                               )<br>vs.                                                          )      Case No. CR-05-214-D<br>                                                               )<br>ADRIAN COOPER,                               )<br>                                                               )<br>            Defendant,                            )<br>                                                               )<br>and                                                        )<br>                                                               )<br>NFL PLAYER BENEFITS, and its successors or  )<br>assigns,                                                 )<br>                                                               )<br>            Garnishee.                             )  | |

## ORDER

On February 5, 2007, the Court issued a Post-Judgment Continuing Writ of Garnishment to Garnishee NFL Player Benefits [Doc. No. 71] pursuant to 28 U.S.C. § 3205, in order to satisfy Defendant's criminal judgment. Garnishee answered [Doc. No. 74] and disclosed two accounts for Defendant – an NFL Player Second Career Savings Plan and an NFL Player Retirement Plan. Defendant timely filed his Claim of Exemption and Request for Hearing [Doc. No. 75]. The matter was referred to United States Magistrate Judge Bana Roberts pursuant to 28 U.S.C. § 636(b)(3).

On December 17, 2007, Judge Roberts conducted a hearing at which Plaintiff and Defendant appeared through counsel and presented arguments. Upon consideration of the issues, Judge Roberts has issued a Report and Recommendation pursuant to Local Civil Rule LCvR72.1, recommending the denial of Defendant's claim of exemption. The parties were specifically advised of their right to object by January 30, 2008, and of the consequences of a failure to object. A review of the court record shows no timely objection by any party. All objections are, therefore, waived. *See Moore*

*v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation [Doc. No. 105] in its entirety.  Defendant's claim of exemption [Doc. No. 75] is DENIED.  A separate order for the disbursement of garnished funds will be issued.

IT IS SO ORDERED this 13th day of February, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE